Clifton A. Perkins vs. Anna J. Bringhurst.

Discovery—Motions—Production of Papers—Requisites.

In making an order under *Rev. Code* 1915, § 4228, to require the production of papers in evidence the application should show not only that notice had been served upon the adverse party or his counsel of the time when the application would be made to the court, but also that prior demand had been made on the adverse party, or his counsel, for leave to examine the books or writings within a reasonable time (stating the time), and such leave had been refused.

(*June 27, 1917.*)

Judges Rice and Heisel sitting.

*Baldwin Springer* and *Caleb E. Burchenal* for plaintiff.

*Saulsbury, Morris and Rodney* for defendant.

Superior Court, New Castle County, May Term, 1917.

Action of Assumpsit, No. 114, September Term, 1914.

Action by Clifton A. Perkins against Anna J. Bringhurst. On defendant's motion to require the production of papers. Motion granted.

Action by Clifton A. Perkins against Anna J. Bringhurst, to recover for work and labor performed and materials furnished, money advanced, etc., in and about the erection and repair of certain buildings for defendant. Plaintiff filed a bill of particulars with his declaration, to which defendant refused to plead until a further bill of particulars was filed. Plaintiff filed a more detailed bill of particulars.

Counsel for defendant thereupon served the following notice upon counsel for plaintiff:

" * * * .We hereby give you notice that on Thursday next, June seventh, 1917, at 2:30 o'clock P. M. we shall move the court to order the plaintiff in the above cause to produce the books or writings mentioned in the schedule hereto appended and marked Exhibit 'A,' which said books or writings are in the possession or control of the plaintiff and which contain evidence pertinent to the issue; such production to be made for use during the pendency of said cause under such terms and at such times as the court may direct."

And also filed the following motion:

" The defendant in the above stated cause by Saulsbury, Morris and Rodney, her attorneys, having given to the plaintiff in said cause due notice of this appli-

cation, as appears by the copy of said notice hereto attached, doth now move the court for an order requiring the plaintiff to produce during the pendency of said cause, under such terms and at such times as the court may direct, the certain books or writings mentioned in the schedule hereto appended and marked Exhibit 'A,' which said books or writings are now in the possession or control of the said plaintiff and contain evidence pertinent to the issue in said cause."

Argument was heard.

HEISEL, J., delivering the opinion of the court:

This is an application by defendant for the production by plaintiff, of certain writings in his possession for examination by defendant during the pending of the action, as provided by *Section 4228, Rev. Code 1915*.

In making such order as we think necessary and proper in this matter, we take occasion to say, that in applications to the court under the section of the Code mentioned, we think the better practice to be, and hereafter will require the application to show, not only, that notice had been served upon the adverse party or his counsel of the time when the application would be made to the court, but must show also that prior demand had been made on the adverse party, or his counsel, for leave to examine the books or writings in question, within a reasonable time (stating the time) and such leave had been refused.

We think the practice as stated in *Section 337* of *Woolley's Delaware Practice* should be followed.

And now, to wit, this twenty-seventh day of June, A. D. 1917, the aforegoing petition having been read and considered by the court, it is ordered that the plaintiff produce on the twentieth day of July, 1917, at the office of the Prothonotary of this court, at Wilmington, for the inspection and examination of the defendant, the following bills or writings:

1.   The contracts mentioned on page one of the bill of particulars.

2.   Bill showing items of charge on page seventeen of the bill of particulars, January 28, 1913, tin roofing for porch—$126.98.

3.   Bills showing items of charge on page forty of the bill of

particulars under date of March 28, 1913, of each of the following charges: